IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON S. ERICKSON,** | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-10-01102** |
| **v.** | : | **(Judge Rambo)** |
| **WARDEN MARTINEZ,** *et al.*, | : | |
| **Respondent** | : | |

## M E M O R A N D U M

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Jason S. Erickson ("Erickson"), an inmate currently incarcerated at the United States Penitentiary at Allenwood in White Deer, Pennsylvania. Erickson is challenging the Federal Bureau of Prisons' ("BOP") calculation of his federal sentence. For the reasons that follow, the petition will be denied.

## I.    Background

On May 12, 2001, Erickson was arrested by local authorities in Chesapeake, Virginia on several charges of fraud, and held in the Chesapeake City Jail. (Doc. 26-2 at 12.) From June 7, 2001 through February 12, 2002, the circuit courts of Chesapeake, Virginia Beach, and Portsmouth, sentenced Erickson on convictions for various charges, such as fraud, bad checks, failure to return rental property, and threat

to burn.  (*Id*. at 12-17.)  The total sentence was five (5) years and forty (40) months.[1]

(*Id*.)  Erickson received jail credit towards his state sentence from May 12, 2001 to

September 30, 2002.[2]  (*Id*.)

On September 27 and 28, 2001, while incarcerated in the Virginia Beach City

Jail, Erickson called in several threats to bomb the Virginia Beach Police

Department's First Precinct and the Federal Bureau of Investigation ("FBI") building

in Norfolk, Virginia.  (*Id*. at 7.)  These calls were made using the jail's telephone.  In

connection with charges resulting from those threats, on May 13, 2002, Erickson was

---

[1]  On June 7, 2001, the Chesapeake Circuit Court sentenced Erickson to a term of imprisonment of one (1) year and nine (9) months for Fraud committed on May 18, 1999.  (Doc. 26-2 at 12.)  On September 6, 2001, the Chesapeake Circuit Court sentenced him to a term of imprisonment of one (1) year and six (6) months for Failure to Return Rental Property committed on May 18, 1999.  (*Id*. at 15.)  On October, 22, 2001, the Portsmouth Circuit Court sentenced Erickson to a term of imprisonment of six (6) months for Failure to Return Rental Property committed on May 18, 1999.  (*Id*.)  On January 9, 2002, the Virginia Beach Circuit Court sentenced Erickson to a term of imprisonment of one (1) year and six (6) months for Bad Checks committed on July 18, 2000.  (*Id*. at 16.)  On January 9, 2002, the Virginia Beach Circuit Court sentenced him to a term of imprisonment of one (1) year and six (6) months for Fraud committed on July 18, 2000.  (*Id*.)  On January 30, 2002, the Virginia Beach Circuit Court sentenced him to a term of imprisonment of one (1) year for Fraud committed on November 20, 1998.  (*Id*.)  And, on February 12, 2002, the Virginia Beach Circuit Court sentenced Erickson to a term of imprisonment of seven (7) months for Threat to Burn committed on September 27, 2001.  (*Id*. at 17.)  The courts directed that all these sentences were to run consecutively.  (*Id*. at 12-17.)

[2]  Specifically, Erickson was credited with the following days: fifty-two (52) days from May 12, 2001 to July 3, 2001; six (6) days from July 3, 2001 to July 9, 2001; twenty-nine (29) days from July 9, 2001 to August 7, 2001; one (1) day from August 7, 2001 to August 8, 2001; two (2) days from August 8, 2001 to August 10, 2001; two hundred and seventy-eight (278) days from August 10, 2001 to May 15, 2002; and, one hundred thirty-eight (138) days from May 15, 2002 to September 30, 2002.  (Doc. 26-2 at 12-15.)

produced from primary state custody pursuant to a federal writ of habeas corpus *ad prosequendum* to the United States Marshals Service ("USMS"), and returned to local authorities that same day. (*Id*. at 24.) Further, on May 15, 2002, Erickson was again produced from state custody pursuant to a federal writ of habeas corpus *ad prosequendum* to answer to charges stemming from the threat to the FBI building. (*Id*.) He remained in the secondary custody of federal authorities until January 8, 2003, at which time he was returned to the primary custody of Commonwealth of Virginia. (*Id*.) On that same date, January 8, 2003, Erickson was sentenced in the United States District Court for the Eastern District of Virginia to a term of imprisonment of thirty-six (36) months for a conviction of knowingly and intentionally imparting and conveying a threat to damage, destroy and disable an aircraft used in interstate and foreign air commerce by means of a destructive device, *see* 18 U.S.C. § 32(c). (Doc. 26-3 at 2,3.)

On September 5, 2008, state officials relinquished custody of Erickson to federal authorities. (Doc. 26-2 at 24.) After it assumed primary custody of Erickson, the BOP calculated his federal sentence. The BOP concluded that Erickson cannot receive credit towards his federal sentence for the period from April 2002 to January

2003 because that time had already been credited toward his Virginia state sentences. (*Id*. at 8.)

Erickson filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 17, 2010 in the United States District Court for the Eastern District of Virginia. (Doc. 1.) The case was transferred to this court by order dated May 21, 2010. (*See* Doc. 3.) Prior to this court issuing a order to show cause, Erickson filed a motion for time credit consideration which seeks the same credit as that sought in his originally-filed petition. (*See* Doc. 8.) He has also filed a motion for summary judgment seeking the same relief. (Doc. 17.) On June 22, 2010, an order to show cause was issued, directing the Respondent to file an answer to the petition. (Doc. 9.) After being granted an extension of time to respond, (*see* Doc. 15), Respondent filed an answer on August 11, 2010. (Doc. 26.) This matter is now ripe for disposition.

II.     **Discussion**

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the

execution of his sentence rather than its validity, *see Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).  Thus, Erickson has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP.  *Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, 18 U.S.C. § 3585; *United States v. Wilson*, 503 U.S. 329, 331–32 (1992), and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96.  Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled. *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  A federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus *ad prosequendum*.  *Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002); *Chambers*, 920

5

F. Supp. at 622. This is because the state, not the federal government, remains the primary custodian in those circumstances. The jurisdiction that first arrests an offender has primary jurisdiction over the offender until that sovereign relinquishes it to another jurisdiction by, for example, bail release, dismissal of the state charges, parole release or the expiration of the state sentence. *See Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998); *Chambers*, 920 F. Supp. at 622.

Further, with respect to the commencement of the federal sentence, under 18 U.S.C. § 3584(a),

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).

A determination of whether credit is warranted for time spent in custody prior to the commencement of a federal sentence is governed by 18 U.S.C. § 3585(b). This section provides the following:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

> (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

*Id*. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. *See also Chambers*, 920 F. Supp. at 622. "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

In the instant petition, Erickson seeks prior custody credit toward his federal sentence from April 2002 through January 2003, or the time he spent in secondary custody of federal authorities under the writ of habeas corpus *ad prosequendum*. (Doc. 1 at 4.) However, this claim is without merit. As set forth in *Ruggiano*, "time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward [a] state sentence, not [a] federal sentence." *Ruggiano*, 307 F.3d at 125 n.1. Here, state authorities maintained primary custody of Erickson while he was in the secondary custody of federal authorities. That time spent in secondary federal custody was

credited toward his state sentences. Thus, under 28 U.S.C. § 3585(b), applicable to

Erickson's federal sentence, he was not entitled to receive this credit toward his

federal sentence because that time was already credited against his state sentences.

Thus, the BOP did not err in its calculation of Erickson's federal sentence.


## III. <u>Conclusion</u>

For the reasons set forth herein, the court will deny Erickson's petition for writ

of habeas corpus.

An appropriate order will issue.


s/Sylvia H. Rambo         <br>
United States District Judge

Dated: September 7, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JASON S. ERICKSON,**                    :
                                          :
      **Petitioner**              :          **CIVIL NO. 1:CV-10-01102**
                                          :
  **v.**                                :          **(Judge Rambo)**
                                          :
**WARDEN MARTINEZ,** *et al.***,**          :
                                          :
      **Respondent**             :

# O R D E R

    **AND NOW**, for the reasons set forth in the accompanying memorandum, **IT IS**

**HEREBY ORDERED THAT**:

    1) The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is

**DENIED**.

    2) The motion for time credit consideration is **DEEMED MOOT**.

    3) Petitioner's motion for summary judgment is **DEEMED MOOT**.

    4) The Clerk of Court is directed to **CLOSE** this case.


                             s/Sylvia H. Rambo
                             United States District Judge

Dated:  September 7, 2010.